**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:26-MC-00067**

| | |
|---|---|
| IN RE: REQUEST FOR INTERNATIONAL | ) |
| JUDICIAL ASSISTANCE FROM THE | ) |
| THIRD FAMILY JUDGE OF MEXICALI IN | ) |
| BAJA CALIFORNIA, MEXICO IN | ) |
| *Yovani Vianey Pere Minero Trevino v.* | ) |
| *Edgar Sosa Quiroz,* | ) |
| FOREIGN REF. NO. EUA01039 | ) |

**GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF APPLICATION
FOR ORDER PURSUANT TO 28 U.S.C. § 1782**

Now comes the United States of America, by and through Assistant United States Attorney Janice Powers, and hereby submits this Memorandum of Law in support of the Application for an Order,[1] pursuant to 28 U.S.C. § 1782, to execute a Letter of Request from a court in Mexico, for international judicial assistance to obtain certain records from Wells Fargo Bank.

**INTRODUCTION**

The request for international judicial assistance comes from the Third Family Judge of Mexicali in Baja California, Mexico. Specifically, the Court has issued a Letter of Request requesting evidence in the form of documentation from Wells Fargo Bank to confirm the existence of and balance in a Wells Fargo account in the name of EDGAR SOSA QUIROZ with account

---

[1] *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) ("It is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45[(d)](3).")." *See also In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) ("Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte. The witnesses can and have raised objections and exercised their due process rights by motions to quash the subpoenas."); *In re Letter of Request from Supreme Ct. of Hong Kong*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991); *In re Application of Masters for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding*, 315 F. Supp. 3d 269, 272 (D.D.C. 2018); *But see In re Anglin*, No. 7:09cv5011, 2009 WL 4739481, at *1-2 (D. Neb. Dec. 4, 2009). Note, even though these applications are generally filed *ex parte*, they do not need to be filed under seal. *See, e.g.* Order denying Motion to Seal U.S.'s Application for *Ex Parte* Order Appointing Commissioner Pursuant to 28 U.S.C. § 1782, *In re Mutual Assistance of Local Court of Wetzlar, Germany*, 1:17-mc-00078-SKO, 2018 WL 306678, at *3 (E.D. Cal. Jan. 5, 2018).

1

number ███████████████ and to provide the balance of the account and the activity of said account from April 1, 2017 to May 19, 2026.

These materials are to be used in a proceeding before the Third Family Judge of Mexicali in Baja California in Mexico in the case captioned *Yovani Vianey Pere Minero Trevino v. Edgar Sosa Quiroz,* Foreign Reference Number EUA01039, Dept. of Justice Reference Number: 189-1-26-8. *See* Exhibits 1 and 2 to the Powers Declaration filed contemporaneously herewith.

The facts of this case, as stated in the Letter of Request, indicate that this is a civil matter related to divorce proceedings filed by Yovani Vianey Pere Minero Trevino under file 1587/2018 "to modify the terms of the divorce agreement entered into on October 12, 2018 with the purpose of securing alimony payments for minors". *See* Exhibit 2 to Powers Declaration. The Mexican Court requests Wells Fargo to confirm the existence of and balance in a Wells Fargo account in the name of Edgar Sosa Quiroz with account number ████████████ *Id.*

The Mexican Court's request was transmitted to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance, Washington, D.C. pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 12140 (hereinafter HCCH 1970 Evidence Convention).

The request was then transmitted to the U.S. Attorney's Office for the Western District of North Carolina for execution in accordance with 28 C.F.R. § 0.49(c). In order to execute these requests for international judicial assistance, authority must be obtained from this Court. 28 U.S.C. § 1782.

**ARGUMENT**

**I.      THE HCCH 1970 EVIDENCE CONVENTION**

The HCCH 1970 Evidence Convention affords each signatory nation the use of the judicial process of other signatory nations, where such assistance is needed in civil or commercial matters, "to facilitate the transmission and execution of Letters of Request and to further the accommodation of the different methods which they use for this purpose," as stated in the HCCH 1970 Evidence Convention's preamble, and "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 524 (1987). The HCCH 1970 Evidence Convention is in force in both the United States and Mexico. Hague Conference on Private International Law, *Status Table for the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited May 21, 2026).

Article 10 of the HCCH 1970 Evidence Convention provides that:

In executing a Letter of Request the requested authority shall apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings.

HCCH 1970 Evidence Convention, art. 10. Furthermore, Article 9 of the HCCH 1970 Evidence Convention provides, in pertinent part, that: "the judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed, and that a 'Letter of Request shall be executed expeditiously.'" *Id*. at art. 9.

Under Article VI of the United States Constitution, treaties, such as the HCCH 1970 Evidence Convention, are the law of the land, on an equal footing with acts of Congress, and are

3

binding on the courts. *See Bell v. Clark*, 437 F.2d 200, 203 (4th Cir. 1971). *See also Gandara v. Bennett*, 528 F.3d 823, 830 (11th Cir. 2008) (stating that self-executing treaties are "immediately and directly binding on state and federal courts pursuant to the Supremacy Clause") (Rodgers, J., concurring) (quoting *Medellin v. Texas*, 552 U.S. 491, 510 (2008)); *Bishop v. Reno*, 210 F.3d 1295, 1299 (11th Cir. 2000) (concluding that "an Act of Congress" is on "full parity with a treaty") (quoting *Reid v. Covert*, 354 U.S. 1, 18 (2000)).

## II.  STATUTORY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

The authority for this Court to assist foreign tribunals in obtaining documents is contained in 28 U.S.C. § 1782.  This section states:

> Assistance to foreign and international tribunals and to litigants before such tribunals
>
> (a)  The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation.  The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.  By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement.  The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing.  To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a).  *See also Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 529 (1987) (providing a brief history of the HCCH 1970 Evidence

Convention).  Section 1782 "is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).  By this law, Congress intended that the United States set an example to other nations by making judicial assistance generously available.  *See, e.g., In re Request for Assistance from Ministry of Legal Affairs of Trin. & Tobago*, 848 F.2d 1151, 1153-54 (11th Cir. 1988) (discussing several historical instances in which Congress has broadened § 1782, each time increasing the statute's ability to provide international judicial assistance), *abrogated on other grounds by Intel Corp.*, 542 U.S. 241.

District courts have repeatedly appointed Department of Justice Attorneys to act as commissioners pursuant to this provision for the purpose of rendering judicial assistance to foreign courts.  *See, e.g., In re Clerici,* 481 F.3d 1324, 1327 (11th Cir. 2007) (affirming a district court's appointment of an Assistant United States Attorney to obtain sworn answers to questions posed in letters rogatory).  *See also In re Request for Judicial Assistance From the Nat'l Court of Original Jurisdiction No. 68 in Buenos Aires, Argentina*, No. 3:19-MC-31-J-39MCR, 2019 WL 5528394 (M.D. Fla. Oct. 25, 2019) (appointing Department of Justice Attorney commissioner to obtain evidence from Merrill Lynch).

This Court is authorized to provide assistance to the Mexican Court if the three requirements set forth in § 1782 are met.  Those requirements are: (1) the person or document for which discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made "by a foreign or international tribunal" or "any interested person."  *In re Application Pursuant to 28 U.S.C. § 1782 for an Order Permitting Bayer AG to Take Discovery,* 146 F.3d 188, 193 (3d Cir. 1988); *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004).  *See also S.* Rep.

No. 88-1580 at 2 (1964), *reprinted in* 1964 U.S.C.C.A.N. 3782, 3783 (providing general statement regarding congressional purpose behind statute); *Intel*, 542 U.S. at 248-49 (providing brief history of Section 1782 and federal court aid to foreign tribunals).

Here, each of these threshold statutory requirements is easily met. First, Wells Fargo "resides or is found in" the Western District of North Carolina because the company's subpoena processing center is located in Charlotte, North Carolina.[2] Second, the Letter of Request explains that the request is for evidence in the matter pending before the Third Family Judge of Mexicali in Baja California, Mexico regarding determination of the parties' rights in a divorce proceeding regarding the modification of divorce agreement. *See* Exhibit 2 to Powers Declaration at 2. Third, the Letter of Request itself also reflects that it "is made by a foreign or international tribunal", the Third Family Judge of Mexicali in Baja California, Mexico. *Id.*; Exhibit 1 to Powers Declaration.

## III. DISCRETIONARY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

"[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *See Intel*, 542 U.S. at 264. Indeed, § 1782 "affords the district courts 'wide discretion' in responding to requests for assistance in proceedings before foreign tribunals." *Al Fayed v. United States*, 210 F.3d 421, 424 (4th Cir. 2000) (quoting *In re Esses*, 101 F.3d 873, 876 (2d. Cir. 1996)). The Supreme Court set forth certain discretionary factors for a district court to consider before granting a request for judicial assistance:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign entity to judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering

---

[2] When executing requests for financial records, the Office of International Judicial Assistance's policies and procedures require that the request be executed in the district where the subpoena processing center is located for the particular financial institution.

restrictions or other policies of a foreign country or the United States; and (4) whether the requested information is unduly intrusive or burdensome.

*Intel*, 542 U.S. at 264-65. "In exercising its discretion under § 1782, the district court should be guided by the statute's 'twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Al Fayed*, 210 F.3d at 424 (quoting *In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992)). *See also United States v. Morris (In re Letter of Request from Amtsgericht Ingolstadt, Fed. Republic of Ger.)*, 82 F.3d 590, 592 (4th Cir. 1996) ("Plainly, the . . . statute envision[s] considerable cooperation with foreign courts' requests for assistance and a general practice of reciprocity."). Here again, each of these discretionary factors weigh in favor of assisting the Mexican Court.

With respect to the first factor, "although this factor was originally expressed as a 'participant' versus 'nonparticipant' analysis under the facts presented in *Intel*, the true question at hand is whether the requested discovery is available to the foreign tribunal without the assistance of this Court." *In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech,* 748 F. Supp. 2d 522, 526 (E.D. Va. 2010). *See also Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."). Wells Fargo is not a party to the proceedings and is not subject to the Mexican Court's jurisdiction and is located in Charlotte, North Carolina, so the first factor weighs in favor of granting the motion.

Second, there is nothing in the Letter of Request to suggest that this Court should decline to grant the Application based on the nature of the Mexican Court or the character of the proceedings. Additionally, this request was initiated by The Third Family Judge of Mexicali in Baja California, Mexico, and not by an independent party; therefore, the Mexican Court is clearly

7

receptive to the assistance of this Court and the second factor weighs in favor of granting the motion. *See Svitavy*, 748 F. Supp. 2d at 527 (discussing a specific application of the second *Intel* factor).

With respect to the third factor, because the requester is the Third Family Judge of Mexicali in Baja California, Mexico, there is sufficient assurance that the request for judicial assistance is not an attempt to circumvent Mexico's discovery rules or to thwart policies of either the United States or Mexico. *See id.* at 529 ("[T]he fact that the request was initiated by the *Svitavy* Court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy."). While the records and information sought by the Mexican Court are held by a United States financial institution, the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. § 3401 *et seq.,* does not apply to this request under § 1782. *See Young v. U.S. Dept. of Justice*, 882 F.2d 633, 638-39 (2d Cir. 1989) (finding RFPA did not apply to DOJ attorney acting in capacity as commissioner under § 1782); *In re Letter of Request for Judicial Assistance from Tribunal Civil de Port-Au-Prince*, 669 F. Supp. 403, 407 (S.D. Fla. 1987) (finding RFPA inapplicable to request pursuant to 28 U.S.C. § 1782). Therefore, the third *Intel* factor weighs in favor of granting the Mexican Court's request for judicial assistance.

And with respect to the fourth factor, the request seeks account information necessary to adjudicate the parties' disputes over division of matrimonial property and would not be unduly intrusive or burdensome. *See, e.g., Svitavy*, 748 F. Supp. 2d at 529 (holding that providing DNA by buccal swab not unduly burdensome). *See also In re Clerici,* 481 F.3d at 1335 (holding it witness's burden to file motion to limit discovery absent which court would not address scope of request). Thus, the fourth factor also weighs in favor of granting the request.

In summary, consideration of the four discretionary factors set forth by the Supreme Court in *Intel* favors authorizing judicial assistance to the Third Family Judge of Mexicali, Baja California, Mexico.

**CONCLUSION**

Attached to the Declaration of Assistant United States Attorney Janice Powers is the proposed subpoena that this office intends to serve (in substantially similar format) on Wells Fargo should the Court grant the Application pursuant to 28 U.S.C. § 1782, Exhibit 3. Upon receipt, the records will be sent to the Department of Justice, Civil Division, Office of International Judicial Assistance for transmission to the Third Family Judge of Mexicali in Baja California, Mexico.

WHEREFORE, the United States respectfully requests that the Court issue an Order, in the form attached to the Application, appointing Assistant United States Attorney Janice Powers Commissioner for the purpose of issuing a subpoena to execute the request for international judicial assistance.

Respectfully submitted this 2nd day of June, 2026.

RUSS FERGUSON
UNITED STATES ATTORNEY

s/Janice Powers
JANICE POWERS
Assistant United States Attorney
North Carolina Bar No. 60504
227 W. Trade Street, Suite 1650
Charlotte, North Carolina 28202
Tel: (704) 344-6222
Email: Janice.Powers@usdoj.gov

9

**<u>CERTIFICATION</u>**

Pursuant to the Standing Order of this Court entered June 18, 2024 and published to the Bar of the Western District on June 27, 2024, the undersigned hereby certifies:

1.      No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2.      Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 2nd day of June, 2026.


<u>s/Janice Powers</u>
JANICE POWERS
Assistant United States Attorney